**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CHRISTOPHER MEATTO,<br>Defendant. | Civil Action No. 16-8943 (JLL) (JAD)<br><br>OPINION |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon *pro se* Defendant Christopher Meatto's letter-application for an order compelling Plaintiff United States of America to produce certain discovery. (ECF No. 20). The Court held a telephone conference on March 13, 2018 to provide the parties an additional opportunity to support their respective positions on the matter. Upon careful consideration of the parties' submissions, and for the reasons stated below, Defendant's letter-application is **GRANTED IN PART**.

I.     **RELVANT BACKGROUND**

This civil case was brought by the Government against *pro se* Defendant to collect allegedly unpaid federal income tax incurred from 1996 to 2013, as well as 2015. Defendant seeks to assert a statute of limitations defense, arguing that the Complaint was filed after the applicable statute of limitations had run with respect to taxes assessed in certain years over this period.

In support of Defendant's statute of limitations defense, Defendant requested the following in his First Request for Production of Documents:

1

all documents which constitute, refer, relate or pertain in any way to the assessment of Defendant's [year] income tax liability as alleged in paragraph 7 of the Complaint, including, but not limited to, all documents that explain, refer, relate, or pertain in any way to the lapse of time between Defendant's filing on his 1998 Form 1040 and the assessment date alleged in paragraph 7 of the Complaint.

(ECF No. 20, Defendant's Moving Letter Brief ("Def. Mov. Br.") at 3.[1]

In responding to this discovery demand, the Government produced a "Form 4340" document from each relevant year. Form 4340 "is not the actual summary record of assessment, but instead details the assessments made and the relevant date that a Summary Record of Assessment was executed." *Tucker v. C.I.R. Serv.*, 506 F. App'x 166, 168 (3d Cir. 2012) (emphasis added).

Defendant maintained his right to discover additional IRS documentation relating to each year's tax assessment, and in ensuing discussions appeared to focus more specifically on discovery of IRS documents entitled "Form 23C" and "RACS Report 006" from each relevant year. These two categories of documents purportedly set forth the details of IRS tax assessments from each tax year and are used by the IRS in preparing "Form 4340" documents.

The parties were unable to reach a resolution on the matter, and on January 23, 2018, Plaintiff filed a letter with the Court seeking an order compelling the government to produce IRS documentation underlying each relevant Form 4340. (*See generally* Def. Mov. Br.).

---

[1] The Court notes that, while Defendant's initial letter brief was filed on January 23, 2018, (ECF No. 17), the Court *sua sponte* ordered that that docket entry be sealed due to Defendant's inadvertent inclusion of certain personally identifiable information. (*See* ECF No. 19). Defendant subsequently re-filed the letter brief with proper redactions. (ECF No. 20). As such, this Opinion will cite only to the re-filed version of Defendant's moving dispute-letter.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(b)(1) defines the scope of permissible discovery in a civil action more generally. Rule 26(b)(1) states the following:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Trial courts have broad discretion to determine the proper scope of discovery under Rule 26, and such determinations will be disturbed only upon a showing of abuse of this discretion. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987).

## III. DISCUSSION

Defendant seeks an order compelling the Government to produce documents underlying the Government's Form 4340s "that actually contain the assessment dates for each of the years in question."[2] (Def. Mov. Br. at 5). Defendant suggests that "these documents are either denominated a 'Form 23C' or 'RACS Report 006,' depending upon whether each exists manually or in computer-generated form for a particular year." (*Id.*). In the alternative, Defendant seeks the deposition of a designated representative of the IRS regarding the creation or maintenance of such records. (*Id.* at 12).

---

[2] In Defendant's letter, Defendant indicates that he seeks to raise a statute of limitations defense with respect to tax assessments regarding the tax years 1996, 1998, 1999, 2000, 2001, 2002, 2003, and 2005. (*See* ECF No. 20 at 2-3).

3

Defendant argues that these documents are discoverable under Federal Rule of Civil Procedure 26 as relevant to his statute of limitations defense. (*See id.* at 7). More specifically, Defendant contends that the Form 4340s previously produced by the Government show that this suit was filed very close in time to the end of the applicable statute of limitations period,[3] raising the possibility of a material error by the IRS in recording the assessment date and warranting further discovery into the actual date of each relevant assessment.

The Government responds that its production of the Form 4340s fulfilled its discovery obligations relating to documentation of each relevant year's tax assessment, and that no further discovery on this issue is warranted. (*See* ECF No. 22, Plaintiff's Opposition Letter Brief ("Pl. Opp. Br.") at 2).

The Government raises two arguments in support of this position. First, the Government argues that Third Circuit precedent precludes Defendant from obtaining any IRS documents relating to assessment dates other than the Form 4340s already produced. And second, the Government argues that the documents requested by Defendant are not discoverable under Federal Rule of Civil Procedure 26 because they "do[] not contain data that would identify any individual taxpayer to be of use to [Defendant]." (*Id.* at 2-3).

The Court will address each of the Government's arguments regarding relevance and Third Circuit precedent, as well as the related question of discovery proportionality, below.

---

[3] Defendant contends that the applicable statute of limitations is set forth in 26 U.S.C.A. § 6502. Pursuant to § 6502, a suit by the government to collect taxes assessed against a defendant must be brought within ten years of the relevant assessment date.

4

A. Whether Third Circuit Precedent Bars Defendant from Obtaining Any IRS Documentation Underlying Form 4340

First, the Government argues that production of each relevant Form 4340 document fulfils its discovery obligations regarding evidence of each relevant year's assessment date. (Pl. Opp. Br. at 2). In support, the Government cites to two Third Circuit decisions for the proposition that it "need not provide a taxpayer with a copy of the actual Summary Record of Assessment [as contained in the Form 23C and RACS Report 006] to fulfill its obligations to the taxpayer but may instead send a Form 4340." (*Id.* (quoting *Tucker v. C.I.R. Serv.*, 506 F. App'x 166 at 168 (3d Cir. 2012); *see also United States v. Zarra*, 477 F. App'x 859 (3d Cir. 2012)). The government also cites to a trial court opinion from within the Third Circuit which applied *Tucker* and *Zarra* in denying a similar request for discovery made by the defendant. (*Id.* (citing *United States v. Bogart*, M.D. Pa., No. 12-347, ECF No. 68 at 3-4)).

The Court disagrees with the Government's proposed application of *Tucker* and *Zarra* to this case, and concludes that both cases are distinguishable from the one at bar.

Regarding *Zarra*, the Court notes that that case deals with the government's burden of proof at summary judgment, not its discovery obligations. For example, the *Zarra* court held that the Form 4340 introduced by the government in connection with its summary judgment motion constituted sufficient evidence to establish the date of the relevant IRS assessment. *Zarra*, 477 F. App'x at 840. This was so, according to the court, because defendants had failed to introduce any evidence to overcome Form 4340's "presumptive validity" at the summary judgment stage. *Id.*

By contrast, this case is still in the discovery phase, so the *Zarra*'s presumption of validity does not yet apply. Indeed, Defendant's application for relief actually seeks the documentation he would need to overcome that presumption at summary judgment. This distinction in procedural postures is significant, because while the *Zarra* defendants failed to overcome Form 4340's

5

presumptive validity at summary judgment, *Zarra* nonetheless implies that defendants may be provided the *opportunity to present such evidence* to the court at the appropriate time.

In other words, *Zarra* actually highlights the relevance of the requested documents in this case—such evidence would likely be helpful, if not absolutely necessary, for Defendant to present a case attempting to overcome Form 4340's "presumptive validity" at summary judgment. To bar such discovery would prevent Defendant from pursuing this defense, which in turn would contradict the *Zarra* court's holding by effectively converting Form 4340's "presumptive validity" into an irrebuttable presumption.

*Tucker* is similarly distinguishable from the case at bar, because *Tucker* dealt with a distinct issue: whether the IRS's failure to provide documentation underlying Form 4340 constituted a complete defense against liability for unpaid taxes. In *Tucker*, the taxpayer appealed a Tax Court finding of liability for unpaid taxes, arguing that "deficiencies in the Form 4340s presented to him by the [IRS] . . . rendered the proceedings a nullity." *Tucker*, 506 F. App'x at 168. In rejecting the taxpayer's argument, the court noted that "neither the Tax Code nor the Treasury Regulations require[s] those pertinent parts [of the record of assessment furnished to the taxpayer] to be original documents." *Id.* at 169 (quoting *Gentry v. United States*, 962 F.2d 555, 558 (6th Cir. 1992)). The court concluded that "the IRS did not abuse its discretion by determining that it complied with the relevant statutes and regulations" in producing the Form 4340s without supporting documentation. *Id.*

Here, Defendant does not contend that the government violated the tax code or treasury regulations by refusing to provide any documentation underlying the Form 4340s. Rather, Defendant seeks such documentation in discovery pursuant to Federal Rule of Civil Procedure 26, to the extent that it pertains to his statute of limitations defense in this litigation. *Tucker* did not

address entitlement to IRS documentation in discovery pursuant to Federal Rule 26, and the Court does not read that case to limit or otherwise alter the general parameters of Federal Rule 26 in any way.

As such, the Court concludes that neither *Zarra* nor *Tucker* are applicable to the instant application to compel discovery of documents underlying Form 4340 pursuant to Federal Rule of Civil Procedure 26.

B. Whether the Requested Documents Contain Relevant Information or Could Otherwise Lead Plaintiff to Relevant Information

Next, the Government cites to the trial-level decision in *Bogart* for the proposition that production of the Form 23C and RACS Report 006 would be "unfeasibly cumulative, not reasonably calculated to lead to the discovery of new relevant information, and overly burdensome" in light of the government's prior production of the relevant Form 4340s. (*Id.* (citing *Bogart*, M.D. Pa., No. 12-347, ECF No. 68 at 3-4)).

As an initial matter, the Court notes that both parties appear to agree that the Form 23C and RACS Report 006 documents themselves do not contain any information specific to Defendant, let alone the dates of the specific tax assessments at issue in this case. Indeed, the sample RACS Report 006 referenced by Defendant in his letter-application indicates that such documents summarize the total value of all assessments conducted by the IRS at a particular location on a particular day, and contain no taxpayer-specific information. (*See* Def. Mov. Br. at 12). The Government submits a letter from the IRS from an unrelated case which similarly indicates that Form 23C does not contain any taxpayer-specific information. (*See* ECF No. 22-2).

Based on this record, the Court will therefore deny Defendant's application to the extent that he seeks discovery of Form 23C and RACS Report 006 documents from the Government.

However, as Defendant points out, the summary nature of Form 23C, RACS Report 006, and Form 4340 suggests that more individualized information is likely to exist elsewhere in the IRS's record-keeping systems. As such, even if Form 23C and RACS Report 006 themselves do not contain relevant information, Defendant's First Request for Production of Documents still encompasses a category of directly relevant documents—documents containing individualized information which may have been used in the production of *all three categories* of summary IRS forms. *See* section III.A, *supra*.

The remainder of this Opinion deals exclusively with this category of documents.

C. <u>Proportionality of Defendant's Discovery Demands</u>

Given the Court's conclusion that certain documents requested by Defendant in his First Request for Production of Documents remain relevant, the Court must next determine whether discovery of such documents is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26.

As discussed above, Defendant's briefing clearly indicates that the relevant documents—those that "pertain in any way" to the assessment dates addressed in the instant letter-motion—are helpful, if not necessary, to Defendant's statute of limitations argument. The Government's opposition letter-brief fails to explain why the burden or expense of producing such relevant documents would outweigh Defendant's significant need for those documents in this case. Indeed, nothing in the record suggests that the IRS lacks the resources to review and produce records

8

relating to a single taxpayer covering a limited range of date from a series of individual tax assessments.

It appears from the above discussion of the record and the application of common sense that there are discoverable documents containing taxpayer-specific information that underlie the Form 4340s prepared in connection with each relevant year. Accordingly, Defendant's application is granted to the extent that it seeks taxpayer-specific records that support and/or were utilized in the preparation of the Form 4340 relating to the tax years—1996, 1998, 1999, 2000, 2001, 2002, 2003, and 2005.[4]

If the production of such documents raises additional proportionality issues for the Government, the Government shall submit a letter to the Court describing (1) the nature of the procedures which would be required for such a production, with reference to the specific document categories or search methodologies involved, and (2) the nature of the associated burden or expense.

Additionally, because the Court now orders the Government to conduct its own records search and production, as discussed above, the Court will deny *without prejudice* Defendant's request for a deposition of an IRS representative with knowledge of its record-keeping practices. Should the Government's forthcoming discovery response be deemed inadequate, Defendant shall be free at that time to renew his application for a deposition of an IRS representative with the relevant knowledge.

---

[4] As noted above, this category of documents is encompassed within Defendant's request in his First Request for Document Demands which seeks the following: "all documents which constitute, refer, relate or pertain in any way to the assessment of Defendant's [year] income tax liability as alleged in paragraph 7 of the Complaint . . ." (*See* Def. Mov. Br. at 3).

9

## IV. CONCLUSION

Based on the foregoing analysis, the Court hereby **DENIES** Defendant's application to the extent that it seeks discovery of Form 23C and RACS Report 006 documents from the Government.

The Court further **GRANTS** Defendant's application to the extent that it seeks taxpayer-specific records that support and/or were utilized in the preparation of the Form 4340 relating to tax years 1996, 1998, 1999, 2000, 2001, 2002, 2003, and 2005.

And finally, the Court **DENIES** *without prejudice* Defendant's request to depose an IRS representative with knowledge of IRS record-keeping practices.

An appropriate Order accompanies this Opinion.

_____ 4/26/18
**JOSEPH A. DICKSON, U.S.M.J.**

cc: Hon. Jose L. Linares, U.S.D.J.